# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Myron L. Guthrie, )
               Movant, )
vs. ) No. 07-0232-CV-W-FJG
United States of America, ) Crim. No. 05-00354-01-CR-W-FJG
               Respondent. )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1, filed March 19, 2007). The Court finds that it has jurisdiction over this matter.

Movant entered into plea negotiations with the government, and pled guilty on October 13, 2005 to conspiracy to distribute cocaine base ("crack") in an amount of 50 grams or more, and to the criminal forfeiture count. See Doc. #25. Through the plea agreement, movant was informed of the sentencing procedure to be used by the court. Doc. #25, ¶¶ 6, 8, 10-12. Movant also waived his right to appeal or challenge, through post-conviction motions, his guilt or sentence. Doc. #25, ¶ 15.

The issues raised by movant focus on (1) whether or not defense counsel's representation fell below an objective standard of reasonableness and movant was thereby prejudiced, claiming that his defense counsel ought to have argued against the disparity in sentences for cocain base ("crack") versus powder cocaine; and (2) whether this Court ought to have applied a two-level enhancement for possession of a dangerous weapon.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not

warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1) respondent's opposition (Doc. #4), and the record in movant's criminal case, and finds that movant's allegations are without merit. In particular, movant has waived his post-conviction rights. Further, movant's substantive claims are without merit for the reasons stated in respondent's opposition (Doc. #4). This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed March 19, 2007, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

    /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 5/9/07
Kansas City, Missouri